# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1037-20

H.R.M.,

    Plaintiff-Respondent,

v.

A.S.A.,

    Defendant-Appellant.

_____

Submitted February 15, 2022 – Decided March 18, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0788-18.

Rasha B. Foda, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant appeals the denial of his motion to modify a final restraining order (FRO). Defendant, still married to the plaintiff at the time of his motion,

sought to amend the FRO to address multiple outstanding issues: custody of their two daughters; expansion of parenting time so defendant, a Muslim, could spend religious holidays with the children; increased involvement in the children's school lives; permission for defendant to travel out of state with the children; production of the children for medical examinations; and modification of support payments and household expense allocations. Defendant also sought sanctions against plaintiff for her alleged failure to comply with an existing parenting time order.

Defendant argues on appeal that the trial court erred when it failed to conduct a plenary hearing and make findings before issuing an order on the relief he requested. We agree, and reverse and remand for further proceedings consistent with the principles set forth in this opinion.

Defendant is a British citizen. Plaintiff is a United States citizen. Plaintiff and defendant married in the United Kingdom in November 2013. The parties have two daughters together, the first born in April 2014, and the second born in September 2015. Each child has dual citizenship.

The parties separated in October 2017 after plaintiff obtained a temporary restraining order (TRO) against defendant. The TRO granted plaintiff exclusive use of the marital residence and required defendant to pay all household

2

expenses. In March 2018, defendant stipulated to the entry of an FRO against him. The FRO contained a number of provisions addressing support and parenting time issues. Defendant was ordered to pay plaintiff's monthly rent, weekly child support, and carrying costs for the family car plaintiff was awarded. The parties shared joint custody of the children.

In May 2019, defendant filed a complaint with the Division of Child Protection and Permanency (DCPP), alleging that plaintiff's boyfriend had inappropriately touched the girls. While the investigation was pending, plaintiff filed a motion to bar defendant from filing future complaints with DCPP and seeking other relief. The trial court denied plaintiff's motion in July 2019.

In September 2019, defendant filed a motion for custody, seeking to be declared parent of primary residence, and to reduce child support. Defendant raised serious allegations in the custody application, contending that plaintiff's boyfriend continued to touch their daughters inappropriately. The trial court denied the defendant's motion without prejudice, instructing him to address the statutory custody factors under N.J.S.A. 9:2-4(c). In February 2020, defendant filed another motion, again seeking to modify custody, parenting time, and support orders contained within the FRO.

A-1037-20

The court heard oral argument in March 2020. The judge queried each party on the record, but he did not permit cross-examination. The judge noted the existence of hospital records containing allegations of alleged sexual abuse against one of the daughters. The parties testified that the children were in ongoing therapy as of the date of the hearing. After a lengthy exchange between the parties and counsel for defendant, the judge stated he would order a custody evaluation in anticipation of a plenary hearing. The trial court adjourned the proceeding without issuing an order on any aspect of the application, simply advising the parties that it would issue a decision "in a few days."

No order was issued by the court until October 30, 2020. The trial court denied a plenary hearing on custody, finding no genuine issue of material fact. The court then denied without prejudice defendant's application for custody, making findings based on the record before it, including, but not limited to: defendant's certification, as well as the court's in-camera review of the DCPP investigative file. The court also issued an order that denied or granted defendant certain relief but gave no reasons.

On December 15, defendant filed the notice of appeal. Nine days later, plaintiff filed a complaint for divorce in Monmouth County. On February 16, 2021, defendant obtained a dissolution of marriage in the United Kingdom. On

A-1037-20

July 9, in response to cross-motions from the parties, a Monmouth County

Family Part judge issued an order:

> continuing custody and parenting time as per the Middlesex County FRO still in effect;
>
> ordering a custody and parenting time evaluation;
>
> holding defendant's application to travel out of state with the children in abeyance pending the resolution of this appeal;
>
> requiring plaintiff to share all school and childcare related information with the defendant, and collaborate with defendant on related costs;
>
> denying plaintiff's application for payment of child support arrears allegedly owed by defendant;
>
> establishing a protocol for defendant's calls with the children and ensuring monitored communication between the parties;
>
> ordering sale of the family car to pay off the car loan and use the proceeds to purchase a new vehicle for plaintiff's use; and
>
> denying without prejudice relief sought by the parties concerning marital asset distribution and allocation of tax deductions and credits.

Generally, our scope of review of Family Part orders is limited. Cesare v.

Cesare, 154 N.J. 394, 411 (1998). Defendant argues that the trial court erred by

failing to conduct a plenary hearing and make findings of fact prior to issuing

its order of October 2020. We agree. The parties raised multiple issues regarding custody, parenting time, and child support. On custody, defendant asserted that his daughters were being improperly touched by plaintiff's boyfriend. Plaintiff denied the allegations. DCPP investigated the allegations; however, no one from DCPP was called to testify as to the agency's findings and recommendations.

We have recently stated that:

> [a] thorough plenary hearing is necessary in contested custody matters where the parents make materially conflicting representations of fact.
>
> A court, when presented with conflicting factual averments material to the issues before it, ordinarily may not resolve those issues without a plenary hearing. While we respect the family court's special expertise, a court may not make credibility determinations or resolve genuine factual issues based on conflicting affidavits . . . . Moreover, a plenary hearing is particularly important when the submissions show there is a genuine and substantial factual dispute regarding the welfare of children.
>
>       . . . .
>
> [T]he matter of visitation is so important, especially during the formative years of a child, that if a plenary hearing will better enable a court to fashion a plan of visitation more commensurate with a child's welfare . . . it should require it.

[J.G. v. J.H., 457 N.J. Super. 365, 372-73 (App. Div. 2019) (alterations in original) (citations and internal quotation marks omitted).]

Here, the March 2020 oral argument did not constitute a plenary hearing. The court posed some questions to the litigants, but mostly responded to their interjections throughout the proceeding. The record shows genuine and substantial factual disputes which require a plenary hearing. Id. at 372.

We reverse the October 30, 2020 order and remand to Middlesex County. Upon remand, Middlesex County shall transfer the case to Monmouth County where it should be consolidated with the pending FM docket. The Monmouth County judge should conduct a case management conference to determine the issues that continue to need resolution. If custody, parenting time, and related issues are still in dispute, the court shall conduct a plenary hearing, make findings and issue an order on all outstanding issues at the earliest possible date.

Reversed and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION